**UNITED STATES of America**

**v.**

**Marcel HENDERSON**

**No. CR 01–10264–MLW.**

United States District Court, D. Massachusetts.

Dec. 24, 2002.

Colin G. Owyang, Michael D. Ricciuti, United States Attorney's Office, John Joseph Moakley Federal Courthouse, Boston, MA, for Plaintiff.

Timothy G. Watkins, Federal Defender's Office, Boston, MA, for Defendant.

## ORDER

WOLF, District Judge.

On October 22 and 23, 2002, this court conducted an evidentiary hearing on defendant Marcel Henderson's Motion to Suppress. The Motion to Suppress was denied in a November 4, 2002 Memorandum and Order. Trial commenced on November 12, 2002.

On November 13, 2002, the government produced to Henderson information that had been requested by him in 2001 concerning complaints made about the conduct of West Bridgewater Police Officer Michael Kominsky, who had arrested Henderson. While the information may not have been admissible at trial, it was material to the merits of the Motion to Suppress, to which the Federal Rules of Evidence did not apply. *See* Fed.R.Evid. 1101(d)(1). Thus, this information should have been provided to Henderson pursuant to Local Rule 116.2(B)(1)(b)[1] and this court's October 10, 2002 Order, which required that all exculpatory evidence be disclosed by October 18, 2002. Accordingly, on November 15, 2002, the court granted Henderson's motion for a mistrial.

After a hearing on December 16, 2002, the court denied Henderson's Motion to Dismiss and allowed his request to reopen the hearing on his Motion to Suppress. The court heard additional testimony and received additional evidence on that Motion on December 20 and 23, 2002.

The court has now considered all of the evidence concerning the Motion to Suppress *de novo*. The question of whether Henderson was wearing a seatbelt when the automobile being driven by Patrice Alford was stopped continues to be close. Among other things, the court finds Christopher Bellas' testimony concerning Kominsky's conduct when Bellas was stopped to be more accurate than Kominsky's version of events, and this lends weight to the contention that Kominsky's testimony relating to Henderson should not be believed. Other credible evidence, however, tends to support Kominsky's testimony concerning Henderson.

The court again finds that the government has proven by a preponderance of all of the evidence that: (1) Kominsky had a proper basis to stop Alford's automobile; and (2) Henderson was not wearing a seatbelt when the automobile was stopped.

---

1. Rule 116.2(B)(1)(b) of the Local Rules of the United States District Court for the District of Massachusetts requires that the government produce to the defendant within twenty-eight days of arraignment all:

   Information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C. § 3731.

Therefore, for the reasons described in detail in the November 4, 2002 Memorandum and Order, the Motion to Suppress is hereby DENIED.

A hearing to schedule a trial date shall be held on January 21, 2003, at 3:00 p.m.